**In Re Anonymous No. 19 D.B. 81**

Disciplinary Board Docket No. 19 D.B. 81.

CURRAN, *Member*, August 23, 1983 — Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of

the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations to this honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

On April 8, 1981, the Supreme Court of Pennsylvania entered an order directing that respondent has been found guilty and convicted in the United States District Court for the Eastern District of Pennsylvania, of the offenses of three counts of making, subscribing and filing false income tax returns in violation of Title 26 United States Code, §7206(1).

He was forthwith suspended immediately from the Bar of the Commonwealth pursuant to Rule 214(a) and ordered to comply with Rule 217 of the Pennsylvania Rules of Disciplinary Enforcement.

It was further ordered that this matter be referred to the Disciplinary Board of the Supreme Court for the institution of a formal proceeding pursuant to Rule 214(c), for the purpose of determining the extent of the final discipline to be imposed.

The within petition for discipline was filed on October 8, 1982 against Attorney [respondent], the within respondent (respondent).

The petition for discipline alleged that respondent had violated the following Disciplinary Rules of the Code of Professional Responsibility:

a. D.R. 1-102(A)(3) — dealing with illegal conduct involving moral turpitude;

b. D.R. 1-102(A)(4) — dealing with conduct involving dishonesty, fraud, deceit, or misrepresentation;

c. D.R. 1-102(A)(5) — dealing with conduct that is prejudicial to the administration of justice; and

d. D.R. 1-102(A)(6) — dealing with conduct adversely reflecting upon a lawyer's fitness to practice law.

Hearing committee [     ] was assigned to hear these charges and, upon due notice to all parties, a hearing was conducted on February 23, 1983.

On May 20, 1983, hearing committee [     ] filed its report, finding sufficient basis to believe that respondent is in violation of 203(b)(1) Pa.R.D.E. which violation will support the recommendation for discipline, without the necessity of making a specific finding on each enumerated charge.

Based upon such violation, hearing committee recommends that respondent be disciplined by a suspension for a period of two years retroactive to the date of the Supreme Court's Order, April 8, 1981.

No exceptions were filed to the findings or recommendation of hearing committee [     ] by either petitioner, Office of the Disciplinary Counsel, or respondent.

Accordingly, this board, after an independent consideration of this matter, adopts the findings of fact and conclusion of law of hearing committee [     ]. Mrs. Hammerman dissented and would recommend that the term of probation be concurrent with that set by the United States District Court which was a period of three years probation beginning on August 26, 1982.

## II. FINDINGS OF FACT

1. Respondent, [     ], is 54 years of age.

2. The Respondent is an attorney formerly admitted to the practice of law in the Commonwealth of Pennsylvania and whose present residence is             , Pennsylvania.

3. On April 8, 1981, the Supreme Court of Pennsylvania suspended respondent from practice under the provision of Rule 214(c) of the Pennsylvania Rules of Disciplinary Enforcement and referred the matter to the Disciplinary Board.

4. On April 4, 1980, an indictment was filed in the United States District Court for the Eastern District of Pennsylvania charging respondent with three counts of making, subscribing, and filing false income tax returns for the years 1973, 1974 and 1975.

5. Respondent was found guilty of these charges on July 23, 1980 by a federal jury in the United States District Court for the Eastern District of Pennsylvania.

6. Respondent was sentenced for a three-year probationary period, to serve a four-month participation in the Work Release program at the Prison, and a fine of $1,000.

7. Respondent was sentenced on February 24, 1981.

8. The charges filed against respondent constitute a felony.

9. Respondent made an application for new trial and was denied by the Third Circuit Court of Appeals. On August 26, 1982 the aforementioned sentence by the United States District Court was upheld.

10. The professional history and affiliations of the respondent are generally as follows: Admitted to the Bar in 1954; worked with the A Commission 1959 to 1962; with the B Company, 1963 to 1972; and in private practice from 1972 to 1974. In 1975 Respondent applied for a position as        with the A Commission, which position he held from 1976 to 1978. From 1978 until July 31, 1980, he held the position of commerce counsel with the C Corporation,

11. During the period which respondent was practicing in          County, he served as Chairman of the Board of Commissioners of       . Township and as Assistant County Solicitor generally in charge of transportation matters.

12. On July 31, 1980, C Corporation, Respondent's employer, discharged him from employment. Since respondent was discharged from C, his wife has been supporting the family. Respondent has not practiced law since his discharge from C and has found only sporadic employment.

13. Respondent indicates that he is unable to pay the fine levied against him because he is unable to find employment.

14. Respondent states that he desires to be reinstated in order to support his family and to gain the money necessary to pay his fine.

15. Respondent served on work release during a portion of his sentence and the hearing committee reports no difficulty with respondent's probationary period to date.

16. Respondent maintained during the hearing that the federal prosecutions against him were prompted by the desire of federal officers to prompt him into cooperating with federal authorities in prosecutions against certain other individuals.

## III. DISCUSSION

The record unequivocally established that respondent is guilty of filing false income tax returns. Since respondent's conviction for these offenses he has served the probationary sentence imposed without adverse incident. Respondent, his wife, and six children have been supported through the efforts of respondent's wife. Respondent was fired as a result of his convictions and has been unable to obtain

meaningful, permanent employment for the same reason.

Respondent's conduct established a violation of the Disciplinary Rules as previously set forth therein.

## IV. HEARING COMMITTEE ACTION

The hearing committee recommended that respondent be disciplined by suspension for two years retroactive to the date of the Supreme Court's order, April 8, 1981.

## IV. DISCIPLINARY BOARD RECOMMENDATION

The board respectfully recommends to this honorable court that the recommendation of the hearing committee be accepted and that respondent, , be suspended for a period of two years retroactive to the date of the Supreme Court's order, April 8, 1981.

Mrs. Hammerman dissented and would recommend that the term of probation be concurrent with the court's.

Mr. Elliott abstained.

## ORDER

ROBERTS, *C.J.* And now, this September 23, 1983, upon consideration of the recommendation of the Disciplinary Board dated August 23, 1983, it is hereby ordered that Respondent be and he is suspended from the Bar of the Commonwealth for a period to run concurrently with the sentence of three years' probation imposed by the United States District Court for the Eastern District of Pennsylvania on August 26, 1982. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa. R.D.E.